## WILL THOMAS v. STATE.

No. A-6118. Opinion Filed March 3, 1928.
Rehearing Denied Jan. 12, 1929.
(273 Pac. 514.)

Claude Miles, for appellant.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. Appellant, Will Thomas, was convicted on an information charging that on July 31, 1925, he did unlawfully have in his possession 150 gallons of a compound mixture, mash, wort, and wash, fit for distillation and for the manufacture of whisky, and in pursuance of the verdict of the jury was sentenced to pay a fine of $100 and be confined in the county jail for 60 days. He appeals.

The main if not the only question presented is whether the evidence was sufficient to sustain the verdict and judgment.

E. A. Kelly, sheriff, testified that, in company with Mr. Russell and Mr. Rushing, he drove to the home of the defendant and, under authority of a search warrant, searched the premises; that east from the house a distance of about 300 yards, near a little creek, they found three barrels full of whisky beer and three empty barrels that had contained mash, and near by about two gallons of whisky and some pieces or connections for a still; that this mixture was mash, and wash fit for distillation into

whisky; that a fire near by was still smoldering; that there were tracks where people had walked to and from the house to this place; that the land was cultivated close up between the house and where the beer was found; that they searched the residence but did not find anything to take official notice of; that the still was found on the defendant's place.

R. H. Russell, deputy sheriff, testified that he knew the difference between whisky beer and Choctaw beer and from his experience as an officer he knew that the contents of the barrels was whisky beer; that the fire near the still was still burning when they got there; that they also found what he called a sumpkeg.

As a witness in his own behalf the defendant testified that a boy named Sam Wright stayed around his place, but left the day the raid was made and he never saw him any more. He denied ownership of the mash found or the possession of the same; that he did not know who owned the parts of the still found by the officers; that he had never noticed any smoke coming from where the mash and still were found.

There was, we think, sufficient evidence to warrant the submission of the case to the jury both as to the possession and as to the character of the contents of the barrels found on the defendant's place. The trial was in all respects fair, the instructions fairly presented the law of the case, and we are unable to find anything in the record sufficient to warrant us in interfering with the verdict.

The judgment appealed from is therefore affirmed.

EDWARDS and DAVENPORT, JJ., concur.